# United States District Court
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:25-CR-0232-S |
| | § | |
| GREGORY BROWN | § | |

## MEMORANDUM OPINION AND ORDER[1]

This Memorandum Opinion and Order addresses the Government's Amended Opposed Motion for Leave to File Out of Time ("Motion") [ECF No. 129]. The Court has reviewed the Motion, Defendant's Response to the Motion ("Defendant's Response") [ECF No. 131], the Government's Response to the Court's Order as to Date the Recordings Were in the Government's Possession and Position on the Continuance ("Government's Response") [ECF No. 133], and the applicable law. For the following reasons and as set forth in the prior Order, the Court **GRANTS** the Government leave to file its Second Amended Exhibit List. As set forth in previous orders of the Court, the Court continues the trial of this case. *See* ECF Nos. 134, 136.

## I. BACKGROUND

The Court issued its Order [ECF No. 81] granting a continuance of a prior trial setting. The Order adopts a modified version of Local Criminal Rule 16.1[2] and states that "[a]ll pretrial materials shall be filed on or before July 14, 2026," including "[a] list of exhibits and portions of depositions to be offered at trial." Order 2-3 (emphasis omitted).

---

[1] This Memorandum Opinion and Order supplements the Court's prior Order [ECF No. 134].

[2] Local Criminal Rule 16.1 states that "[a]ll exhibits, except those offered solely for impeachment, that a party intends to offer at trial, must be . . . exchanged with opposing parties at least 14 days before the scheduled date for trial," and, "[a]t least 14 days before the scheduled date for trial, the parties must file with the clerk and deliver to opposing parties and the court reporter, separate lists of exhibits and witnesses, except those offered solely for impeachment."

On July 24, 2026, ten days after the deadline for pretrial materials, the Government filed its Opposed Motion for Leave to File Out of Time ("Original Motion") [ECF No. 126], requesting leave to file its Second Amended Exhibit List. The amended exhibit list includes three new exhibits ("New Exhibits"), which consist of video footage from the surveillance cameras at the crime scene and still frames from the video showing an individual resembling Defendant in the process of disabling the cameras. Original Mot. 1-2. The Court denied the Original Motion without prejudice to refiling with good cause reasons for the delay and briefing supporting its position. *See* ECF No. 128. Thereafter, on July 26, 2026, the Government filed the Motion, which for the first time included its reasons for the late filing, as well as supporting legal authority. The Government also filed its Response, which provided more detail about when the Government came into possession of the video footage.

## II. ANALYSIS

### *A. Rule 45(b)(1)(B)*

Under Federal Rule of Criminal Procedure 45(b)(1)(B), the Court "may extend the time . . . after the time expires if the party failed to act because of excusable neglect." In making the excusable neglect determination, courts generally consider four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted).

The Government asks the Court to extend the deadline for filing pretrial materials as a result of its excusable neglect. Thus, the Court considers the four factors under *Pioneer Investment Services Co*. As to the first factor, the Court finds that there is prejudice to Defendant because the

Government disclosed new evidence only four days before trial. However, a continuance of trial would cure the prejudice by providing more time to Defendant to prepare a defense to the New Exhibits. Accordingly, this factor weighs in favor of finding excusable neglect.

As to the second and third factors, the New Exhibits show inculpatory images of someone resembling Defendant at the scene of the crime in the hours before the offense was committed. Original Mot. 1. Such evidence is highly probative of the ultimate issue in this case, i.e., Defendant's guilt of the offenses charged against him. Thus, the potential impact on the judicial proceedings is significant. Although such evidence was in the possession of the U.S. Postal Service since the offense date, it was not until a postal inspector reviewed the video in preparation for trial that counsel for the Government became aware of this evidence on Friday, July 24, 2026. Government's Resp. 1-4. The Government disclosed the footage to Defendant on the same day. *Id.* at 2-3. So, although the evidence was within the reasonable control of the Government, it had been overlooked. And the Government disclosed the highly probative evidence promptly after discovering it. Thus, the second and third factors weigh in favor of finding excusable neglect.

As to the fourth factor, there is no indication of bad faith on the part of the Government, as defense counsel concedes. *See* Def.'s Resp. 7. It is undisputed that counsel for the Government was not aware of the evidence until July 24, 2026, and produced the evidence to Defendant immediately after it was discovered. Thus, the Court finds that the Government was acting in good faith.

After consideration of all the factors, the Court finds that the Government's delay in filing the exhibit list was due to excusable neglect and extends the time to file the late-filed exhibit list.

***B. Rule 16***

Under Federal Rule of Criminal Procedure 16(a)(1)(E), "the government must permit the defendant to inspect" certain items, including "photographs" and "tangible objects," "if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial." If a party fails to comply with this rule, the Court may, among other things, "grant a continuance" or "prohibit that party from introducing the undisclosed evidence." FED. R. CRIM. P. 16(d)(2). In determining whether to impose sanctions and which sanctions to impose, the Court considers: (1) the reasons why disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances. *United States v. Michalik*, 5 F.4th 583, 591 (5th Cir. 2021) (citation omitted).

Although the Government only became aware of the existence of the evidence on July 24, 2026, as discussed above, the footage was in the Government's possession since as early as June 2025. *See* Government's Resp. 2-3. Thus, the Government's late disclosure violates Rule 16. *See United States v. Boswell*, No. 2:18-CR-00162-01, 2022 WL 3365298, at *3 (W.D. La. Aug. 15, 2022) ("The government is presumed to have knowledge of all information gathered during the investigation[.]" (citation omitted)). However, the Court, after considering the four factors under *Michalik*, "should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery order." *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989) (citation omitted).

As to the first *Michalik* factor, the Government did not file the exhibit list in time because counsel was not aware of the existence of the New Exhibits until July 24, 2026. And the Court finds that the Government was not acting with an improper motive or bad faith. Thus, this factor

weighs in favor of admitting the New Exhibits and continuing trial. *See Michalik*, 5 F.4th at 591 ("[W]here a party did not act with an improper motive, it is rare to sanction a party in a method as draconian as suppressing the evidence." (citation and internal quotation marks omitted)).

As to the second and third *Michalik* factors, the prejudice to Defendant would likely center around the lack of adequate time to prepare a defense. This potential prejudice would be cured by a continuance of trial, as set forth above. *See Boswell*, 2022 WL 3365298, at *3 (declining to exclude newly discovered evidence because the prejudice to the defendant was removed by resetting the trial to a later date). These factors weigh in favor of admitting the New Exhibits and continuing trial.

Accordingly, the Court finds that the least severe sanction for the Rule 16 violation is admitting the New Exhibits and continuing trial.

### *C. Ends-of-Justice Continuance*

The Court finds that a continuance of trial is necessary to cure any prejudice to Defendant from this late-filed exhibit list. Toward that end, the Court finds that the ends of justice served by the continuance outweigh the best interests of the public and Defendant in a speedy trial, considering that the failure to grant a continuance would result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation. Accordingly, the Court continues the trial and pretrial deadlines of this case.

## III. CONCLUSION

For the foregoing reasons and as set forth in the prior Order, the Court **GRANTS** the Government leave to file its Second Amended Exhibit List. Trial is continued as set forth in the Court's prior orders.

**SO ORDERED.**

SIGNED August 7, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**